**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____   Chapter   11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Seadrill New Finance Limited** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **N/A** |

**4. Debtor's address**

**Principal place of business**

**Par-la-Ville Place**
Number    Street

**14 Par-la-Ville Road**

**Hamilton HM 08, Bermuda**
City                State    Zip Code

County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City                State    Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                State    Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | http://www.seadrill.com/ |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Seadrill New Finance Limited | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111 - Oil and Gas Extraction**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | MM/DD/YYYY | Case number | |

| Debtor | Seadrill New Finance Limited | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | Relationship | **Affiliate** |
|---|---|---|---|---|
| Debtor | **See Rider 1** | | | |
| District | **Southern District of Texas** | | When | **12/01/2020** |
| | | | | **02/07/2021** |
| | | | | **02/10/2021** |
| | | | | **01/11/2022** |
| Case number, if known | **See Rider 1** | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| _____ | | |
|---|---|---|
| Number | Street | |
| _____ | | |
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

[1] The Debtors provide offshore drilling services, including the operation of a rig fleet. The Debtors note that the term "imminent and identifiable hazard" is not defined in this form; however, the Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety.

Debtor   Seadrill New Finance Limited

Name

Case number (if known)

| 14. Estimated number of creditors (on a consolidated basis) | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☒ 200-999 | ☐ 1,000-5,000<br>☐ 5,000-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|
| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☒ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☒ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **01/11/2022**

MM/ DD / YYYY

**✗**   /s/ **Tyson de Souza**                   **Tyson de Souza**

Signature of authorized representative of debtor      Printed name

Title   **Authorized Signatory**

| 18. Signature of attorney | **✗**   /s/ **Matthew D. Cavenaugh**        Date   **01/11/2022** |
|---|---|

Signature of attorney for debtor                          MM/DD/YYYY

**Matthew D. Cavenaugh**

Printed name

**Jackson Walker L.L.P.**

Firm name

**1401 McKinney Street, Suite 1900**

Number           Street

**Houston**                 **Texas**     **77010**

City                     State     ZIP Code

**(713) 752-4200**                **mcavenaugh@jw.com**

Contact phone                 Email address

**24062656**                 **Texas**

Bar number                 State

| Fill in this information to identify the case: |
| United States Bankruptcy Court for the: |
| Southern District of Texas |
| (State) |
| Case number *(if known)*: _____   Chapter   11 |

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On December 1, 2020, the Debtor's affiliate, Seadrill Partners LLC and 28 affiliated entities (collectively, the "Seadrill Partners Debtors"), filed petitions in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  A plan of reorganization was confirmed in the Seadrill Partners Debtors' cases on May 14, 2021, and such plan went effective on May 24, 2021.  Except with respect to the case of Seadrill Partners LLC, Case No. 20-35740 (DRJ), each of the Seadrill Partners Debtors' cases is now closed.

On February 7, 2021, the Debtor's affiliate, Asia Offshore Drilling Limited and 4 affiliated entities (collectively, the "Asia Offshore Drilling Debtors"), filed petitions in the United States Bankruptcy Court for the Southern District of Texas (the "Court") for relief under chapter 11 of title 11 of the United States Code.  On February 10, 2021, the Debtor's affiliate, Seadrill Limited, and 119 affiliate entities (the "Seadrill Limited Debtors"), as listed below, filed petitions in the Court for relief under chapter 11 of title 11 of the United States Code.  The Asia Offshore Drilling Debtors' cases and the Seadrill Limited Debtors' cases are currently pending before the Court and are jointly administered under Case No. 21-30427 (DRJ).

Asia Offshore Drilling Debtors

| | |
|---|---|
| Asia Offshore Drilling Limited | Case No. 21-30385 |
| Asia Offshore Rig 1 Limited | Case No. 21-30386 |
| Asia Offshore Rig 2 Limited | Case No. 21-30387 |
| Asia Offshore Rig 3 Limited | Case No. 21-30388 |
| Seadrill GCC Operations Ltd. | Case No. 21-30391 |

Seadrill Limited Debtors

| | |
|---|---|
| Seadrill Limited | Case No. 21-30427 |
| Seadrill Americas, Inc. | Case No. 21-30425 |
| Eastern Drilling AS | Case No. 21-30437 |
| North Atlantic Alpha Ltd. | Case No. 21-30443 |
| North Atlantic Elara Ltd. | Case No. 21-30445 |
| North Atlantic Epsilon Ltd. | Case No. 21-30434 |
| North Atlantic Linus Charterer Ltd. | Case No. 21-30449 |
| North Atlantic Navigator Ltd. | Case No. 21-30453 |
| North Atlantic Phoenix Ltd. | Case No. 21-30429 |
| North Atlantic Venture Ltd. | Case No. 21-30457 |
| Scorpion Courageous Ltd. | Case No. 21-30431 |
| Scorpion Deepwater B.V. | Case No. 21-30438 |
| Scorpion Deepwater Ltd. | Case No. 21-30492 |
| Scorpion Drilling Ltd. | Case No. 21-30480 |
| Scorpion Freedom Ltd. | Case No. 21-30450 |
| Scorpion International Ltd. | Case No. 21-30463 |
| Scorpion Nederlandse B.V. | Case No. 21-30503 |
| Scorpion Offshore Inc. | Case No. 21-30518 |
| Scorpion Resolute Ltd. | Case No. 21-30528 |
| Scorpion Rigs Ltd. | Case No. 21-30534 |
| Scorpion USA Expats, Inc. | Case No. 21-30461 |

| | |
|---|---|
| Scorpion Vigilant Ltd. | Case No. 21-30469 |
| SDS Drilling Ltd. | Case No. 21-30476 |
| Sea Dragon de Mexico S de R.L. de CV | Case No. 21-30485 |
| Seadrill Abu Dhabi Operations Limited | Case No. 21-30493 |
| Seadrill Angola LDA | Case No. 21-30500 |
| Seadrill Ariel Ltd. | Case No. 21-30502 |
| Seadrill Australia Pte Ltd. | Case No. 21-30510 |
| Seadrill Brunei Ltd. | Case No. 21-30477 |
| Seadrill Callisto Ltd. | Case No. 21-30481 |
| Seadrill Carina Ltd. | Case No. 21-30487 |
| Seadrill Castor Ltd. | Case No. 21-30497 |
| Seadrill Castor Pte Ltd. | Case No. 21-30505 |
| Seadrill Common Holdings Ltd. | Case No. 21-30509 |
| Seadrill Cressida Ltd. | Case No. 21-30513 |
| Seadrill Deepwater Charterer Ltd. | Case No. 21-30517 |
| Seadrill Deepwater Contracting Ltd. | Case No. 21-30525 |
| Seadrill Deepwater Crewing Ltd. | Case No. 21-30464 |
| Seadrill Deepwater Holdings Ltd. | Case No. 21-30486 |
| Seadrill Deepwater Units Pte Ltd | Case No. 21-30498 |
| Seadrill Eclipse Ltd. | Case No. 21-30514 |
| Seadrill Eminence Ltd. | Case No. 21-30526 |
| Seadrill Equatorial Guinea Ltd. | Case No. 21-30530 |
| Seadrill Europe Management AS | Case No. 21-30536 |
| Seadrill Far East Ltd. | Case No. 21-30538 |
| Seadrill Freedom Ltd. | Case No. 21-30432 |
| Seadrill Gemini Ltd. | Case No. 21-30436 |
| Seadrill Global Services Ltd. | Case No. 21-30442 |
| Seadrill Gulf Operations Neptune LLC | Case No. 21-30444 |
| Seadrill Holdings Singapore Pte Ltd. | Case No. 21-30447 |
| Seadrill Indonesia Ltd. | Case No. 21-30452 |
| Seadrill Insurance Ltd. | Case No. 21-30455 |
| Seadrill International Resourcing DMCC | Case No. 21-30462 |
| Seadrill Investment Holding Company Limited | Case No. 21-30439 |
| Seadrill Jack Up Holding Ltd. | Case No. 21-30458 |
| Seadrill Jack Up I BV | Case No. 21-30474 |
| Seadrill Jack Up II BV | Case No. 21-30489 |
| Seadrill Jack-Ups Contracting Ltd. | Case No. 21-30501 |
| Seadrill Jupiter Ltd. | Case No. 21-30515 |
| Seadrill Labuan Ltd. | Case No. 21-30529 |
| Seadrill Management (S) Pte Ltd. | Case No. 21-30537 |
| Seadrill Management AME Ltd. | Case No. 21-30539 |
| Seadrill Management Ltd. | Case No. 21-30433 |
| Seadrill Mira Hungary Kft. | Case No. 21-30441 |
| Seadrill Mira Ltd. | Case No. 21-30446 |
| Seadrill Neptune Hungary Kft. | Case No. 21-30451 |
| Seadrill Newfoundland Operations Ltd. | Case No. 21-30507 |
| Seadrill Nigeria Operations Ltd. | Case No. 21-30512 |
| Seadrill North Atlantic Holdings Limited | Case No. 21-30520 |
| Seadrill North Sea Crewing Ltd. | Case No. 21-30523 |
| Seadrill Norway Crew AS | Case No. 21-30430 |
| Seadrill Norway Operations Ltd. | Case No. 21-30435 |
| Seadrill Offshore AS | Case No. 21-30440 |
| Seadrill Offshore Nigeria Ltd. | Case No. 21-30454 |
| Seadrill Operations de Mexico S de RL de CV | Case No. 21-30460 |
| Seadrill Orion Ltd. | Case No. 21-30467 |
| Seadrill Pegasus (S) Pte Ltd. | Case No. 21-30484 |
| Seadrill Prospero Ltd. | Case No. 21-30494 |
| Seadrill Rig Holding Company Limited | Case No. 21-30478 |
| Seadrill Saturn Ltd. | Case No. 21-30491 |

| | |
|---|---|
| Seadrill Saudi I BV | Case No. 21-30499 |
| Seadrill Saudi II BV | Case No. 21-30504 |
| Seadrill Servicos de Petroleos Ltda. | Case No. 21-30521 |
| Seadrill Sevan Holdings Limited | Case No. 21-30527 |
| Seadrill Telesto Ltd. | Case No. 21-30531 |
| Seadrill Tellus Ltd. | Case No. 21-30470 |
| Seadrill Titania Sarl | Case No. 21-30524 |
| Seadrill Treasury UK Limited | Case No. 21-30532 |
| Seadrill Triton Ltd. | Case No. 21-30535 |
| Seadrill Tucana Ltd. | Case No. 21-30540 |
| Seadrill UK Ltd. | Case No. 21-30541 |
| Seadrill UK Operations Ltd. | Case No. 21-30542 |
| Seadrill UK Support Services Ltd. | Case No. 21-30466 |
| Sevan Brasil Ltd. | Case No. 21-30479 |
| Sevan Developer Ltd | Case No. 21-30483 |
| Sevan Driller Ltd. | Case No. 21-30488 |
| Sevan Drilling Limited | Case No. 21-30495 |
| Sevan Drilling North America LLC | Case No. 21-30508 |
| Sevan Drilling Pte Ltd. | Case No. 21-30519 |
| Sevan Drilling Rig II AS | Case No. 21-30522 |
| Sevan Drilling Rig II Pte Ltd. | Case No. 21-30465 |
| Sevan Drilling Rig IX Pte Ltd. | Case No. 21-30472 |
| Sevan Drilling Rig V Pte Ltd. | Case No. 21-30475 |
| Sevan Louisiana Hungary Kft. | Case No. 21-30482 |
| Sevan Marine Servicos de Perfuracao Ltda | Case No. 21-30490 |
| Scorpion Servicos Offshore Ltda. | Case No. 21-30456 |
| Seadrill Dione Ltd. | Case No. 21-30506 |
| Seadrill Hyperion Ltd. | Case No. 21-30468 |
| Seadrill Mimas Ltd. | Case No. 21-30533 |
| Seadrill Offshore Malaysia Sdn. Bhd. | Case No. 21-30448 |
| Seadrill Proteus Ltd. | Case No. 21-30459 |
| Seadrill Rhea Ltd. | Case No. 21-30471 |
| Seadrill Tethys Ltd. | Case No. 21-30496 |
| Seadrill Titan Ltd. | Case No. 21-30511 |
| Seadrill Umbriel Ltd. | Case No. 21-30473 |

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Seadrill New Finance Limited.

- Seadrill New Finance Limited

- Seadrill Mobile Units UK Limited

- Seadrill SKR Holdco Limited

- Seadrill JU Newco Bermuda Limited

- Seadrill Partners LLC Holdco Limited

- Seadrill Member LLC

- Seadrill Seadragon UK Limited

- Seadrill SeaMex 2 de Mexico S. de R.L. de C.V.

- Seadrill Seabras SP UK Limited

- Sevan Drilling Rig VI AS

- Sevan Drilling Rig VI Pte. Ltd.

- Seadrill SeaMex SC Holdco Limited

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SEADRILL NEW FINANCE LIMITED, | Case No. 22-_____(___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Seadrill New Finance Limited | Seadrill Investment Holding Company Limited | Par-la-Ville Place 14 Par-la-Ville Road Hamilton HM 08, Bermuda | 100% |

---

[2]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL NEW FINANCE LIMITED, | ) | Case No. 22-_____(____) |
| | ) | |
| Debtor. | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Seadrill Investment Holding Company Limited | 100% |

Fill in this information to identify the case and this filing:

Debtor Name      Seadrill New Finance Limited

United States Bankruptcy Court for the:      Southern District of Texas

                                                               (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      <u>01/11/2022</u>            ☒ */s/ Tyson de Souza*
                     MM/ DD/YYYY               Signature of individual signing on behalf of debtor

                                                    **Tyson de Souza**

                                                    Printed name

                                                    **Authorized Signatory**

                                                    Position or relationship to debtor

**Official Form 202**                          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**Fill in this information to identify the case:**

Debtor name _____ Seadrill New Finance Limited, *et al.* _____

United States Bankruptcy Court for the: _____ Southern District of Texas _____

Case number (*If known*): _____
                                                                                (State)

❑ Check if this is an
amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                    12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

The Debtors have paid all general unsecured claims against the Debtors that have been billed as of the Petition Date.

Company Number: 53451
Seadrill New Finance Limited
(the "**Company**")

Minutes of a meeting of the board of directors of the Company held via teleconference on 06 January 2022 at 15:30pm (UK time) (in accordance with the Company's governing documents and applicable law)
(the "**Meeting**")

_____

Present:        Stuart Jackson

                Nick Brown

                James Ayers

In attendance:  Temi Bankole

                Tyson de Souza

_____

1.    **NOTICE AND QUORUM**

1.1    It was **RESOLVED** that **Stuart Jackson** be appointed chairperson of the Meeting (the "**Chairperson**").

1.2    The Chairperson confirmed that notice of the Meeting had been duly given to each member of the board of the Company (each a "**Director**" and together, the "**Directors**") in accordance with the Company's governing documents and applicable law and that a quorum for the Meeting was present in accordance with the Company's governing documents and applicable law (which quorum was maintained throughout the Meeting). The Chairperson therefore declared the Meeting duly convened and constituted and then turned to the various aspects of the agenda.

2.    **DECLARATION OF INTERESTS**

2.1    In accordance with the Company's governing documents and applicable law, each relevant Director generally disclosed his/her position as a director of (i) one or more other Seadrill Group (as defined below) companies; and/or (ii) one or more other NSNCo Group (as defined below) companies (as applicable) (a "**Cross Directorship**") and by virtue of this position, his/her interest in any transaction or arrangement entered into, and that may be entered into, between the Company and the relevant Seadrill Group or NSNCo Group (each as defined below) company.

2.2     Each other Director confirmed that he/she had no interest in the subject matter of the Meeting which had not already been duly disclosed to the Directors as required by the Company's governing documents and applicable law. Any Director who was prevented from participating in or voting at the Meeting due to his/her interest in the subject matter of the Meeting recused himself/herself from the Meeting. No Director who was prevented from being counted for quorum purposes due to his/her interest in the subject matter of the Meeting (or otherwise), was counted in the quorum of this Meeting.

**3.     AUTHORISATION OF SITUATIONAL CONFLICT**

In accordance with and only if, or to the extent, permitted by the Company's governing documents and applicable law, it was **RESOLVED** that any conflict of interest and/or conflict of duty that exists, or may exist, by virtue of each Seadrill Group and/or NSNCo's Group (each as defined below) director's Cross Directorship be authorised, and that such conflicted Director abstained from voting on any such matter.

**4.     BACKGROUND TO AND PURPOSE OF THE MEETING**

4.1     In these minutes, "**Seadrill Group**" means Seadrill Limited (or any successor company) and its subsidiaries from time to time, excluding the NSNCo Group, and "**NSNCo Group**" means the Company and its subsidiaries from time to time.

4.2     The Chairperson explained that:

(A)     in connection with the wider restructuring of the Seadrill Group in 2018, the Company issued $880,000,000 12% senior secured notes due 2025 (the "**Original Notes**") pursuant to an indenture dated 2 July 2018 (as amended and supplemented from time to time, the "**Indenture**");

(B)     certain members of the Seadrill Group and the NSNCo Group provided guarantees and security in respect of the liabilities under the Indenture;

(C)     as part of a wider restructuring of the NSNCo Group pursuant to the Joint Prepackaged Plan of Reorganization of Seadrill New Finance Limited and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (the "**NSNCo Plan**") for the Company and its affiliated debtors, to be filed with the United States Bankruptcy Court for the Southern District of Texas on or around 11 January 2022 and confirmed pursuant to an order of such court on the Effective Date (as defined in the NSNCo Plan):

(i)     certain members of the NSNCo Group will seek to effectuate the transactions contemplated by the NSNCo Plan through in-court proceedings (the "**Chapter 11 Cases**") pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

(ii)    the Company will issue to the holders of the Original Notes new notes under the Indenture (the "**Notes**"), which will be amended and restated pursuant to an amended and restated indenture (the "**Amended and Restated Indenture**") between, among others, the Company and the Guarantors party thereto and Deutsche Bank Trust Company Americas

(in its capacity as Trustee, Principal Paying Agent, Transfer Agent, Registrar and Collateral Agent) (the "**Collateral Agent**") under which, among other things:

(a)    the term of the Notes will be extended until 15 July 2026;

(b)    all guarantee and other obligations of, and security provided by, certain members of the Seadrill Group including the obligations of the Company (subject to certain exceptions) will be released, pursuant to an English law governed global deed of release (the "**Global Deed of Release**") and certain other release documentation; and

(c)    all guarantee and obligations of, and security by, certain members of the NSNCo Group will be retained including the obligations of the Company (subject to certain exceptions); and

(iii)    the Original Notes will cease to be outstanding and the obligations thereunder discharged.

(D)    the Directors have received certain materials presented by, or on behalf of, the Company's management and financial and legal advisors (the "**Advisors**"), including, but not limited to, materials regarding the advantages and disadvantages of the NSNCo Plan and the Chapter 11 Cases;

(E)    the Directors have had the opportunity to consider their fiduciary duties under applicable law and have had adequate opportunity to consult with the Company's management and Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Company; and

(F)    accordingly, the purpose of the Meeting was to consider, and if thought fit, approve the form of and entry by the Company into certain agreements, instruments or documents and to take certain actions including (without limitation) any or all of the following:

(i)    the Amended and Restated Indenture and the forms of Notes appended thereto;

(ii)    the security confirmation governed by Bermuda law in favour of the Collateral Agent in respect of certain existing security granted by the Company, originally granted by the Company pursuant to the Indenture;

(iii)    a supplemental share charge governed by English law and confirmation of security in respect of the shares in Seadrill Seabras UK Limited and Seadrill Mobile Units UK Limited, in favour of the Collateral Agent;

(iv)    the security confirmation governed by Norwegian law in favour of the Collateral Agent in respect of certain existing security granted by the Company, originally granted by the Company pursuant to the Indenture;

(v)   the Global Deed of Release;

(vi)   a Bermuda law governed share charge over the shares of SeaMex Holdings Ltd in favour of the Collateral Agent (the "**Share Charge**") and any deliverables thereto including (without limitation) an irrevocable proxy and share transfer form with respect to the charged shares;

(vii)   an English law governed new management service agreement, between the Company and Seadrill Management Limited in respect of go-forward services to the NSNCo Group;

(viii)   an English law management incentive fee deed in respect of the management incentive fee payable by the Company to Seadrill Rig Holding Company Limited;

(ix)   an English law governed charge over receivables in respect of the US$51,300,000 intercompany loan between the Company and SeaMex Holdings Ltd;

(x)   a New York law governed amended and restated security trust and intercompany subordination agreement to be entered into by certain Seadrill Parties (as defined therein, including the Company) in favour of the Collateral Agent;

(xi)   a New York law governed amended and restated keep well agreement to be entered into by, amongst others, the Company (the "**Keep Well Agreement**");

(xii)   a New York law governed keep well collateral assignment and security agreement to be entered into by, amongst others, the Company in favour of the Collateral Agent;

(xiii)   a written resolution to be signed by the Company, in its capacity as corporate shareholder of Seadrill Seabras UK Limited approving entry by Seadrill Seabras UK Limited into the transactions and documents described therein;

(xiv)   a written resolution to be signed by the Company, in its capacity as corporate shareholder of Seadrill Mobile Units UK Limited approving entry by Seadrill Mobile Units UK Limited into the transactions and documents described therein;

(xv)   a sole member's written resolution in respect of an amendment to the bye-laws of SeaMex Holdings Ltd in connection with the Share Charge; and

(xvi)   the agreements and documentation necessary or desirable to commence the Chapter 11 Cases and consummate and document the transactions contemplated by the *Restructuring Support Agreement in Respect of the Proposed Transaction*, dated 2 July 2021 (as amended, the "**RSA**"),

including but not limited to the voluntary petitions for relief under the Bankruptcy Code (the "**Bankruptcy Petitions**"), the NSNCo Plan, the compilation of documents and forms of documents, agreements, schedules, and exhibits to the NSNCo Plan, and the *Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of Seadrill New Finance Limited and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code,* including all exhibits and schedules thereto,

(xvii)   any other entity designated by an Authorised Person that is incorporated in the United States of America as its agent for service of process therein for matters arising under the Amended and Restated Indenture, Keep Well Agreement and associated transactions,

(together, the "**NSNCo Documents**" and the transactions contemplated by paragraphs 4.2(C) to 4.2(F) (inclusive), including the issuance of the Notes, together, the " **NSNCo Transaction**"); and

(G)   it was also proposed that the Company enter into certain documents that are required to obtain Depository Trust Company ("**DTC**") eligibility for the Notes' Cusips (the "**DTC Documents**").  It was noted that (among other things) such documents state that the Company is willing and able to comply with DTC's rules and provide certain information with respect to the Notes, which will be used to create a position on DTC's registration system (the "**DTC Transaction**"),

(together, the NSNCo Documents and DTC Documents being the "**Documents**" and the NSNCo Transaction and DTC Transaction being the "**Transactions**")

## 5.   PRODUCTION AND APPROVAL OF THE DOCUMENTS

5.1   The Documents were produced to the Meeting. The Chairperson noted that the Documents had been produced to the Meeting either as advanced drafts or in substantially final form. Each Director confirmed that he/she had had adequate opportunity to consider the Documents and review the terms of the Documents.

5.2   After due and careful consideration, it was **RESOLVED** that the Transactions and entry into the Documents are in the best interests of the Company and that, accordingly, the Transactions, together with such other transactions as any Authorised Person (as defined below) may in his/her absolute and unfettered discretion deem appropriate for the completion of the matters contemplated by the Transactions and/or described in the Documents, and the entry by the Company into the Documents, the performance by the Company of its obligations thereunder, and the filing by the Company of the Bankruptcy Petitions in the United States Bankruptcy Court for the Southern District of Texas be and are hereby approved

5.3   It was further **RESOLVED** that it is in the best interests of the Company and its stakeholders to have commenced solicitation of the NSNCo Plan following entry into the RSA and prior to the filing of the Bankruptcy Petitions, pursuant to section 1125(g) of the Bankruptcy Code, and the commencement of the solicitation of the NSNCo Plan be and is hereby ratified and approved.

6. **DELEGATION OF BOARD AUTHORITY TO AUTHORISED PERSONS**

6.1    In order to facilitate implementation of the Transactions and finalisation of the Documents, and the drafting and finalising of any new documents which, following this Meeting, it may be determined that the Company be required to enter into in connection with the Transactions but which the Directors had not had the opportunity to review themselves, and to facilitate implementation of the Transactions more generally, the Directors considered what course of action would, in its judgment, be most desirable and in the best interests of the Company.

6.2    It was **RESOLVED** that, where permitted by the Company's governing documents and applicable law, the appropriate course of action would be to appoint any director or officer of the Company or Tyson De Souza or any Attorney (as defined below) (each an "**Authorised Person**") either individually or as otherwise required by the Company's governing documents and applicable law, to act on behalf of and exercise the power of the Directors with respect to the Documents and the Transactions. It was also noted that every Director was an Authorised Person.

6.3    Where the Company's governing documents and/or applicable law did not permit the appointment of an Authorised Person, it was **RESOLVED** that each Authorised Person who is not an Attorney (as defined below) be and each is hereby authorised to grant a power of attorney on behalf of the Company to such person or persons (each an "**Attorney**") whom an Authorised Person, in their absolute and unfettered discretion determines appropriate to act on behalf of the Company and to agree, execute and deliver any and all documents as appropriate in connection with the Transactions, and on the terms and conditions as such Authorised Person may in his/her absolute and unfettered discretion determine and approve (a "**Power of Attorney**"), such determinations and approval to be conclusively evidenced by the execution of such Power of Attorney by such Authorised Person.

6.4    After due and careful consideration, it was **RESOLVED** that any Authorised Person be and each of them is hereby authorised and empowered with all the authority of the Directors (or, if applicable, given such authority as is set out in a relevant power of attorney) with respect to the implementation of the Transactions, including, but not limited to:

(A)    negotiation and finalisation of, and approval of the entry by the Company into the Transactions and the Documents, including the execution, acknowledgement, delivery, perfection and filing of any and all of those documents, such approval to be conclusively evidenced by such execution or the taking of such action by such Authorised Person;

(B)    the negotiation, finalisation of, filing, execution, and approval of the entry by the Company (or any of its subsidiaries) into, any and all other necessary or desirable documents, letters, forms, powers of attorney, transfers, certificates, petitions, schedules, lists, motions, pleadings, and other instruments relating to the Transactions (as determined at the absolute and unfettered discretion of any Authorised Person acting singularly) in order to give effect to the Transactions, such approval to be conclusively evidenced by such execution or the taking of such action by such Authorised Person;

(C) performing, or procuring that the Company perform, such other matters as the Authorised Person may deem necessary or advisable (as determined at the absolute and unfettered discretion of any Authorised Person acting singularly) in furtherance of the Transactions, such determination to be conclusively evidenced by the taking of such action by such Authorised Person;

(D) payment by, or the procurement of payment by, the Company or by a designated affiliate of the Company of all expenses deemed necessary or advisable by the Authorised Person in relation to the Transactions, including, but not limited to, filing fees and stamp duty, such deeming to be conclusively evidenced by the taking of such action by such Authorised Person;

(E) performing any and all other acts and things as such Authorised Person shall in his/her view, consider to be consistent with the best interests of the Company and which at his/her absolute discretion he/she deem appropriate, necessary or desirable in connection with the Transactions and any ancillary matters thereto and/or to carry out the purposes and intent thereof, the exercise of such discretion to be conclusively evidenced by the taking of any such action by such Authorised Person; and

(F) employing the following professionals on behalf of the Company:  (i) the law firm of Kirkland & Ellis LLP, as general bankruptcy counsel; (ii) the law firm of Slaughter and May, as co-corporate counsel; (iii) the law firm of Jackson Walker LLP, as local bankruptcy counsel; (iv) Prime Clerk LLC, as claims, noticing, solicitation, and administrative agent; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorised Person deems necessary, appropriate, or advisable (together, the "**Relevant Professionals**"); each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorised Persons be, and hereby is authorised, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

Without prejudice to paragraphs 6.2 to 6.4(A)-(F) (inclusive) above, it was **RESOLVED** that, should the relevant Authorised Person in his/her absolute discretion deem that any of the steps or measures which he/she is empowered to take pursuant to paragraphs 6.2 to 6.4(A)-(F) (inclusive) above not be in the best interests of the Company, he/she shall refer the relevant step to the Directors for further consideration and/or approval.

6.5 It was further **RESOLVED** that:

(A) each Authorised Person be obliged to keep the Directors informed in relation to aspects of the Transactions which that Authorised Person regards as sufficiently material to bring to the attention of the Directors including, but not limited to, any material change to the Transactions;

(B)     the resolutions and authorisations approved herein would continue in full force and effect notwithstanding any amendments to the Transactions, and such amendments be notified to the Authorised Person or Authorised Persons (or, if required by the Company's governing documents and/or applicable law, approved by the Authorised Person or Authorised Persons (or otherwise approved by the Directors));

(C)     any and all agreements, instruments and other documents whatsoever signed, executed or delivered by any Authorised Person on behalf of the Company in connection with the subject matter of these resolutions be and are hereby approved, ratified and confirmed in all respects as the acts and deeds of the Company; and

(D)     each of the Authorised Persons confirmed and ratified the current employment by the Company of the Relevant Professionals and confirmed and ratified any and all actions done to date, including but not limited to:

(i)     all actions taken by the Relevant Professionals to advance the rights and obligations of the Company, including any filed motions, objections, replies, applications, or pleadings; and

(ii)    any actions taken by Authorised Persons to employ the Relevant Professionals, including but not limited to the execution of appropriate retention agreements, the paying of appropriate retainers, and any filing of appropriate applications for the authority to retain the services of the Relevant Professional.

## 7.    DELEGATION OF SIGNING AUTHORITY TO AUTHORISED SIGNATORIES

7.1     In order to facilitate the implementation of the Transactions, in particular with respect to the execution by the Company of the Documents, the Directors considered what course of action would, in the judgement of the Directors, be most desirable and in the best interests of the Company.

7.2     It was **RESOLVED** that the appropriate course of action would be to appoint each Authorised Person to act as an authorised signatory of the Company (each an "**Authorised Signatory**"), either individually or as otherwise required by the Company's governing documents and applicable law, for the purposes of executing any document, including the Documents, required to be entered into by the Company with respect to the Transactions. It was noted that every Director of the Company was an Authorised Signatory.

7.3     Should applicable law not permit the execution of documents by an Authorised Signatory on behalf of the Company, it was **RESOLVED** that each Authorised Person who is not an Attorney be and each is hereby authorised to grant a Power of Attorney on behalf of the Company to such person or persons (such person to also be an Authorised Signatory) whom an Authorised Person, in their absolute and unfettered discretion determines appropriate to act on behalf of the Company and to agree, execute and deliver any and all documents as appropriate in connection with the Transactions, such determination and

approval to be conclusively evidenced by the execution of such Power of Attorney by such Authorised Person.

7.4    After due and careful consideration, it was **RESOLVED** that each Authorised Signatory be and is hereby authorised to sign, execute (under hand or common seal, whether or not expressed to be a deed, as may be necessary or appropriate), witness, acknowledge, deliver, register and file, either individually or as otherwise required by the Company's governing documents and applicable law, as appropriate, on behalf of the Company:

(A)    any and all Documents and any amendments thereto in such form and containing such terms and conditions as such person executing the same may in his/her absolute and unfettered discretion determine and approve, such determination and approval to be conclusively evidenced by such Authorised Signatory's execution thereof; and

(B)    any and all other appropriate, necessary or desirable documents, agreements, deeds, notices, letters, forms, powers of attorney, transfers, certificates and other instruments whatsoever, in each case, relating to the implementation of the Transactions, it being acknowledged that the execution and delivery of such documents, agreements, deeds, notices, letters, forms, powers of attorney, transfers, certificates and other instruments by an Authorised Signatory shall be conclusive evidence binding upon the Company of approval by such Authorised Signatory.

7.5    It was further **RESOLVED** that:

(A)    all documents, agreements, deeds, notices, letters, forms, powers of attorney, transfers, certificates and other instruments necessary or desirable to effect the appointment of the Authorised Signatories (who are not Authorised Persons) be and are hereby approved and may be executed, acknowledged, delivered and filed by any Authorised Person, either individually or as otherwise required by the Company's governing documents and applicable law; and

(B)    any and all agreements, instruments and other documents whatsoever signed, executed or delivered by any Authorised Person or any Authorised Signatory on behalf of the Company in connection with the subject matter of these resolutions or the Transactions be and are hereby approved, ratified and confirmed in all respects as the acts and deeds of the Company.

**8.    MEMBER'S RESOLUTION - AMENDED BYE-LAWS OF SEAMEX HOLDINGS LTD**

In connection with the Share Charge, it was **RESOLVED** that the Company, as the member of SeaMex Holdings Ltd, approve the amended bye-laws of SeaMex Holdings Ltd by member written resolution and any director or officer of the Company be and each is hereby authorised to execute such member resolutions on behalf of the Company.

**9.     CLOSE OF MEETING**

There being no further business, the Meeting concluded.

*Stuart Jackson*
Stuart Jackson | Jan 7, 2022 13:29 GMT)
…………………………………………

Stuart Jackson
Chairperson