IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SEADRILL NEW FINANCE LIMITED, | Case No. 22-90001 (DRJ) |
| Debtor. | |
| Tax I.D. No. N/A | |
| In re: | Chapter 11 |
| SEADRILL MOBILE UNITS UK LIMITED, | Case No. 22-90005 (DRJ) |
| Debtor. | |
| Tax I.D. No. N/A | |
| In re: | Chapter 11 |
| SEADRILL SKR HOLDCO LIMITED, | Case No. 22-90009 (DRJ) |
| Debtor. | |
| Tax I.D. No. N/A | |
| In re: | Chapter 11 |
| SEADRILL JU NEWCO BERMUDA LIMITED, | Case No. 22-90003 (DRJ) |
| Debtor. | |
| Tax I.D. No. N/A | |
| In re: | Chapter 11 |
| SEADRILL PARTNERS LLC HOLDCO LIMITED, | Case No. 22-90006 (DRJ) |
| Debtor. | |
| Tax I.D. No. N/A | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL MEMBER LLC, | ) | Case No. 22-90002 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL SEADRAGON UK LIMITED, | ) | Case No. 22-90012 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL SEAMEX 2 DE MEXICO S. DE R.L. DE C.V., | ) | Case No. 22-90011 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL SEABRAS SP UK LIMITED, | ) | Case No. 22-90008 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEVAN DRILLING RIG VI AS, | ) | Case No. 22-90007 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEVAN DRILLING RIG VI PTE. LTD., | ) | Case No. 22-90004 (DRJ) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. N/A | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| SEADRILL SEAMEX SC HOLDCO LIMITED, | ) | Case No. 22-90010 (DRJ) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. N/A | ) |  |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN
ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

> **Emergency relief has been requested. Relief is requested not later than 3:00 p.m. on January 12, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on January 12, 2022 at 3:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Avenue, Houston, Texas 77002. Participation at the hearing will only be permitted by audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones's home page. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state the following in support of this motion (this "<u>Motion</u>"):[1]

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"), directing procedural consolidation and joint administration of their related chapter 11 cases. The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Seadrill New Finance Limited and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL NEW FINANCE LIMITED, *et al.*,[1] | ) | Case No. 22-90001 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases are: Seadrill New Finance Limited; Seadrill SKR Holdco Limited; Seadrill JU Newco Bermuda Limited; Seadrill Seabras SP UK Limited; Seadrill Mobile Units UK Limited; Seadrill Partners LLC Holdco Limited; Seadrill Member LLC; Seadrill Seadragon UK Limited; Seadrill SeaMex 2 de Mexico S. de R.L. de C.V.; Sevan Drilling Rig VI AS; Sevan Drilling Rig VI Pte. Ltd.; and Seadrill Seamex SC Holdco Limited. The location of Debtor Seadrill New Finance Limited's principal place of business and the Debtors' service address in these chapter 11 cases is Par-la-Ville Place, 14 Par-la-Ville Road, Hamilton HM 08, Bermuda.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

---

[1] The facts and circumstances supporting this Motion are set forth in the *Declaration of Tyson De Souza of Seadrill New Finance Limited in Support of Chapter 11 Petitions, First Day Motions, the 363 Motion, and an Order Approving the Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>First Day Declaration</u>"), filed contemporaneously on the date hereof (the "<u>Petition Date</u>") and incorporated by reference herein. Capitalized terms used but not otherwise defined in this Motion have the meanings set forth in the First Day Declaration.

4

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Seadrill New Finance Limited to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Seadrill New Finance Limited, Case No. 22-90001; Seadrill Mobile Units UK Limited, Case No. 22-90005; Seadrill SKR Holdco Limited, Case No. 22-90009; Seadrill JU Newco Bermuda Limited, Case No. 22-90003; Seadrill Partners LLC Holdco Limited, Case No. 22-90006; Seadrill Member LLC, Case No. 22-90002; Seadrill Seadragon UK Limited, Case No. 22-90012; Seadrill SeaMex 2 de Mexico S. de R.L. de C.V., Case No. 22-90011; Seadrill Seabras SP UK Limited, Case No. 22-90008; Sevan Drilling Rig VI AS, Case No. 22-90007; Sevan Drilling Rig VI Pte. Ltd., Case No. 22-90004; and Seadrill Seamex SC Holdco Limited, Case No. 22-90010. The docket in Case No. 22-90001 (DRJ) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-90001 (DRJ).**

### Jurisdiction and Venue

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

**Background**

7. Seadrill New Finance Limited ("NSNCo")—the issuer of the Debtors' only funded debt obligations in the form of approximately $622.7 million[2] of senior secured notes—and its Debtor subsidiaries (together with NSNCo, the "NSNCo Group")[3] wholly-own SeaMex Holdings Ltd and its subsidiaries and equity stakes in two non-consolidated entities that serve or will serve as the primary collateral securing the senior secured notes. As described in the First Day Declaration, NSNCo's ultimate parent entity, Seadrill Limited, and certain of its direct and indirect subsidiaries, commenced chapter 11 cases on February 10, 2021. The NSNCo Group and an ad hoc group of holders of the senior secured notes (the "Ad Hoc Group") engaged in restructuring negotiations prior to the commencement of the Seadrill Limited cases. As a result of such discussions, the NSNCo Group and the members of the Ad Hoc Group entered into a forbearance agreement in order to continue negotiations with the goal of reaching consensus on the terms of a comprehensive restructuring for the NSNCo Group, and the NSNCo Group ultimately did not participate in the Seadrill Limited filing.

8. After approximately one year of prepetition negotiations between their key stakeholders, the Debtors entered into a restructuring support agreement (the "RSA"), which has now been signed by approximately 82.3% of holders of the senior secured notes, that provides for amending and extending approximately $622.7 million of the senior secured notes and issuing *pro forma* equity in NSNCo to the senior secured noteholders (the "Secured Noteholders") in an amount that will dilute the existing equity in NSNCo held by Seadrill Investment Holding

---

[2] This estimate includes approximately $535 million of aggregate principal amount of senior secured notes plus interest expected to be accrued through the Effective Date of the Plan, and excludes amount held in treasury by Seadrill JU NewCo Bermuda.

[3] Debtors Sevan Drilling Rig VI AS and Sevan Drilling Rig VI Pte Ltd are subsidiaries of Seadrill Limited.

6

Company Limited ("IHCo"), NSNCo's sole shareholder.  To effectuate the transaction contemplated by the RSA, the Debtors solicited a prepackaged plan of reorganization (as amended, supplemented, or otherwise modified from time to time, the "Plan") that has the support of all voting classes.  As detailed in the First Day Declaration, the Debtors are seeking to confirm the Plan at the first-day hearing and consummate the Plan as soon as possible thereafter to effectuate on an expedited basis the terms of a value-maximizing transaction.  In so doing, the Plan is intended to minimize any potential adverse effects to the Debtors' businesses as a result of the restructuring and position the Debtors for a prompt emergence from bankruptcy.

9. On January 11, 2022, NSNCo and 11 of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  NSNCo, in its current formulation, was incorporated in March 2018 as part of the Seadrill enterprise's emergence from chapter 11 on July 2, 2018.

10. On December 1, 2020, Seadrill Partners LLC and 28 affiliated debtors and debtors in possession commenced chapter 11 cases in this Court, which were jointly administered under the case caption *In re Seadrill Partners LLC*, No. 20-35740 (Bankr. S.D. Tex.) (collectively, the "Seadrill Partners Cases").  Seadrill Partners LLC emerged from their chapter 11 proceedings on May 24, 2021.  On February 7, 2021, Asia Offshore Drilling Limited and four of its affiliates and, on February 10, 2021, Seadrill Limited and 114 of its affiliates each commenced chapter 11 cases in this Court, which were jointly administered under the case caption *In re Seadrill Limited*, No. 21-30427 (Bankr. S.D. Tex.) (collectively, the "Seadrill RigCo/IHCo Cases").  The Debtors are not seeking and do not intend to seek joint administration of these chapter 11 cases with the Seadrill Partners Cases or the Seadrill RigCo/IHCo Cases.

7

11. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**Basis for Relief**

12. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

13. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly,

joint administration of these chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

### Emergency Consideration

15. Pursuant to Local Rule 9013-1, the Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted immediately. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this motion on an emergency basis.

### Notice

16. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Ad Hoc Group; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no further notice is required.

**Conclusion**

The Debtors request entry of the Order, granting the relief requested herein and granting such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
January 11, 2022

/s/  Matthew D. Cavenaugh

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Vienna F. Anaya (TX Bar No. 24091225)
Victoria Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:           mcavenaugh@jw.com
                    jwertz@jw.com
                    vanaya@jw.com
                    vargeroplos@jw.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
Ross M. Kwasteniet, P.C. (*pro hac vice* pending)
Spencer Winters (*pro hac vice* pending)
Jaimie Fedell (TX Bar No. 24093423)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:           asathy@kirkland.com
                    rkwasteniet@kirkland.com
                    spencer.winters@kirkland.com
                    jaimie.fedell@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher Marcus, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:           cmarcus@kirkland.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on January 11, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh