UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL NEW FINANCE LIMITED, *et al.*,[1] | ) | Case No. 22-90001 (DRJ) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**REORGANIZED DEBTORS' APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND &
ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION EFFECTIVE AS OF JANUARY 11, 2022**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned reorganized debtors (collectively, the "NSNCo Reorganized Debtors," and before the effective date, the "NSNCo Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto, authorizing the NSNCo Debtors to retain and employ Kirkland & Ellis LLP and

---

[1] The NSNCo Reorganized Debtors in these chapter 11 cases are: Seadrill New Finance Limited; Seadrill SKR Holdco Limited; Seadrill JU Newco Bermuda Limited; Seadrill Seabras SP UK Limited; Seadrill Mobile Units UK Limited; Seadrill Partners LLC Holdco Limited; Seadrill Member LLC; Seadrill Seadragon UK Limited; Seadrill SeaMex 2 de Mexico S. de R.L. de C.V.; Sevan Drilling Rig VI AS; Sevan Drilling Rig VI Pte. Ltd.; and Seadrill Seamex SC Holdco Limited. The location of NSNCo Reorganized Debtor Seadrill New Finance Limited's principal place of business and the NSNCo Reorganized Debtors' service address in these chapter 11 cases is Par-la-Ville Place, 14 Par-la-Ville Road, Hamilton HM 08, Bermuda.

Kirkland & Ellis International LLP (collectively, "Kirkland") as their attorneys effective as of the Petition Date (as defined herein).  In support of this Application, the NSNCo Debtors submit the declaration of Ross M. Kwasteniet, the president of Ross M. Kwasteniet, P.C., a partner of Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP (the "Kwasteniet Declaration"), which is attached hereto as **Exhibit A** and the declaration of Tyson de Souza, Authorized Representative of Seadrill New Finance Limited ("NSNCo"), which is attached hereto as **Exhibit B** (the "De Souza Declaration," and together with the Kwasteniet Declaration, the "Declarations").  In further support of this Application, the NSNCo Reorganized Debtors respectfully state as follows.

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the NSNCo Reorganized Debtors confirm their consent pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and rules 2014-1 and 2016-1 of the Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

4. On January 11, 2022 (the "Petition Date"), each of the NSNCo Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. In connection therewith, on the Petition Date, the NSNCo Debtors filed their *Joint Prepackaged Plan of Reorganization of Seadrill New Finance Limited and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Technical Modifications)* (as may be amended, modified, or supplemented, the "Plan") and a related disclosure statement (as may be amended, modified, or supplemented, the "Disclosure Statement") [Docket Nos. 17, 15].[2]

5. At a hearing on January 12, 2022, the Court approved the Disclosure Statement, confirmed the Plan, and, entered its *Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 62].

6. On January 20, 2022, the Effective Date of the Plan occurred and the NSNCo Reorganized Debtors filed the *Notice of Occurrence of the Effective Date* [Docket No. 88].

7. During these chapter 11 cases, the NSNCo Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 11, 2022, the Court entered an order [Docket No. 5] authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner was made in these chapter 11 cases and no official committees were appointed or designated.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan or Disclosure Statement, as applicable.

8.　A description of the NSNCo Debtors' business and the reasons for commencing the chapter 11 cases is set forth in the *Declaration of Tyson de Souza of Seadrill New Finance Limited in Support of Chapter 11 Petitions, First Day Motions, the 363 Motion, and an Order Approving the Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*, filed on January 11, 2022 [Docket No. 6], incorporated herein by reference.

**Relief Requested**

9.　By this Application, the NSNCo Reorganized Debtors seek entry of the Order authorizing the retention and employment of Kirkland as the NSNCo Debtors' attorneys in accordance with the terms and conditions set forth in that certain engagement letter between the NSNCo Debtors, the NSNCo Debtors' ultimate parent, Seadrill Limited (together with its direct and indirect subsidiaries and affiliates the "Seadrill Group," or "Seadrill"), other Seadrill parties thereto, and Kirkland effective as of July 24, 2020, as supplemented on August 19, 2020 (together, the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1** to the Order and incorporated herein by reference. The Engagement Letter was supplemented on August 19, 2020 to extend Kirkland's representation, effective as of July 24, 2020, to those wholly or partially owned subsidiaries in the addendum, including the NSNCo Reorganized Debtors.

**Kirkland's Qualifications**

10.　The NSNCo Reorganized Debtors seek to retain Kirkland as counsel to the NSNCo Debtors because of Kirkland's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

11.　Kirkland has been actively involved in major chapter 11 cases and has represented debtors in many cases, including, among others: *In re Carlson Travel, Inc.*, No. 21-90017 (MI)

4

(Bankr. S.D. Tex. Dec. 29, 2021); *In re Washington Prime Group Inc.*, No. 21-31948 (MI) (Bankr. S.D. Tex. July 27, 2021); *In re Seadrill Limited*, No. 21-30427 (DRJ) (Bankr. S.D. Tex. Apr. 5, 2021); *In re Belk, Inc.*, No. 21-30630 (MI) (Bankr. S.D. Tex. Mar. 31, 2021); *In re Frontera Holdings LLC*, No. 21-30354 (MI) (Bankr. S.D. Tex. Mar. 19, 2021); *In re Seadrill Partners LLC*, No. 20-35740 (DRJ) (Bankr. S.D. Tex. Jan. 15, 2021); *In re Gulfport Energy Corporation*, No. 20-35562 (DRJ) (Bankr. S.D. Tex. Jan. 11, 2021).³

12.     Kirkland has been retained by the NSNCo Debtors' affiliates, Seadrill Limited and 119 of its affiliated debtors and debtors in possession in their chapter 11 cases, which are jointly administered under the case caption *In re Seadrill Limited*, No. 21-30427 (Bankr. S.D. Tex.) (collectively, the "Seadrill Limited Cases," and such debtors, the "Seadrill Limited Debtors"). *See Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of February 10, 2021* [No. 21-30427, Docket No. 300]. Although the Seadrill Limited Cases are being administered separately from the NSNCo Debtors' chapter 11 cases, the NSNCo Debtors contemplate that Kirkland will provide them with substantially the same services it provides to the Seadrill Limited Debtors.

13.     In preparing for its representation of the NSNCo Debtors in these chapter 11 cases, Kirkland became familiar with the NSNCo Debtors' business and many of the potential legal issues that might have arisen in the context of these chapter 11 cases. The NSNCo Reorganized Debtors believe that Kirkland is and was both well-qualified and uniquely able to represent the NSNCo Debtors in these chapter 11 cases in an efficient and timely manner.

---

³   Because of the voluminous nature of the orders cited in this Application, they are not attached to this Application. Copies of these orders are available upon request to Kirkland.

**Services to be Provided**

14. Subject to further order of the Court, and consistent with the Engagement Letter, the NSNCo Reorganized Debtors request the retention and employment of Kirkland for rendering the following legal services to the NSNCo Debtors:

   a. advising the NSNCo Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

   b. advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

   c. attending meetings and negotiating with representatives of creditors and other parties in interest;

   d. taking all necessary actions to protect and preserve the NSNCo Debtors' estates, including prosecuting actions on the NSNCo Debtors' behalf, defending any action commenced against the NSNCo Debtors, and representing the NSNCo Debtors in negotiations concerning litigation in which the NSNCo Debtors are involved, including objections to claims filed against the NSNCo Debtors' estates;

   e. preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the NSNCo Debtors' estates;

   f. representing the NSNCo Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

   g. advising the NSNCo Debtors in connection with any potential sale of assets;

   h. appearing before the Court and any appellate courts to represent the interests of the NSNCo Debtors' estates;

   i. advising the NSNCo Debtors regarding tax matters;

   j. taking any necessary action on behalf of the NSNCo Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

   k. performing all other necessary legal services for the NSNCo Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the NSNCo Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens

against the NSNCo Debtors' assets; and (iii) advising the NSNCo Debtors on corporate and litigation matters.

## Professional Compensation

15. Kirkland intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Kirkland used in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Kirkland uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

16. Kirkland operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

17. Kirkland's current hourly rates for matters related to these chapter 11 cases range as follows:[4]

| Billing Category | U.S. Range |
|---|---|
| Partners | $1,135-$1,995 |
| Of Counsel | $805-$1,845 |
| Associates | $650-$1,245 |
| Paraprofessionals | $265-$495 |

---

[4] For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency. When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed

7

18. Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[5]

19. Kirkland represented the NSNCo Debtors during the twelve-month period before the Petition Date, using the hourly rates listed above and in the Kwasteniet Declaration.[6] Moreover, these hourly rates are consistent with the rates that Kirkland charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

20. The rate structure provided by Kirkland is appropriate and not significantly different from (a) the rates that Kirkland charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Kirkland performed in these chapter 11 cases.

21. It is Kirkland's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Kirkland's policy to charge its clients only the amount actually incurred by Kirkland in connection with such items. Examples

---

the billing rates listed in the chart herein. While the rate ranges provided for in this Application may change if an individual leaves or joins Kirkland, if any such individual's billing rate falls outside the ranges disclosed above, Kirkland does not intend to update the ranges for such circumstances.

[5] For example, like many of its peer law firms, Kirkland typically increases the hourly billing rate of attorneys and paraprofessionals twice a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013).

[6] As described in the Kwasteniet Declaration, the rates listed above went into effect on January 1, 2022.

of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

22. To ensure compliance with all applicable deadlines in these chapter 11 cases, from time to time Kirkland may have utilized the services of overtime secretaries. Kirkland charges fees for these services pursuant to the Engagement Letter, which permits Kirkland to bill the NSNCo Debtors for overtime secretarial charges that arise out of business necessity. In addition, Kirkland professionals charged their overtime meals and overtime transportation to the NSNCo Debtors consistent with prepetition practices.

23. Kirkland charged the NSNCo Debtors no more than its current rate of $0.16 per page for standard duplication in these chapter 11 cases. Kirkland did not charge the NSNCo Debtors for incoming facsimile transmissions. Kirkland has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research was used whenever the researcher determined that using Westlaw was more cost effective than using traditional (non-computer assisted legal research) techniques.

### Compensation Received by Kirkland from the NSNCo Debtors

24. Per the terms of the Engagement Letter, applicable to the NSNCo Reorganized Debtors through the inclusion of the NSNCo Reorganized Debtors on the addendum to the Engagement Letter, as of the Petition Date, Kirkland holds a $5,002,607.87 retainer, which, as stated in the Engagement Letter, constituted an "advance payment retainer" as defined in Rule 1.15(c) of the Illinois Rules of Professional Conduct and *Dowling v. Chicago Options Assoc., Inc.*, 875 N.E.2d 1012, 1018 (Ill. 2007). As stated in the Engagement Letter, any advance payment retainer is earned by Kirkland upon receipt, any advance payment retainer becomes the property of Kirkland upon receipt, the NSNCo Debtors no longer have a property interest in any advance payment retainer upon Kirkland's receipt, any advance payment retainer will be placed in

Kirkland's general account and will not be held in a client trust account, and the NSNCo Debtors will not earn any interest on any advance payment retainer.[7]

25. Pursuant to Bankruptcy Rule 2016(b), Kirkland has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Kirkland or (b) any compensation another person or party has received or may receive.

26. As of the Petition Date, the NSNCo Debtors did not owe Kirkland any amounts for legal services rendered before the Petition Date. Although certain expenses and fees may have been incurred but not yet applied to Kirkland's advance payment retainer, the amount of Kirkland's advance payment retainer always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

### Kirkland's Disinterestedness

27. To the best of the NSNCo Reorganized Debtors' knowledge and as disclosed herein and in the Kwasteniet Declaration, (a) Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not and did not hold or represent an interest adverse to the NSNCo Debtors' estates and (b) Kirkland has no connection to the NSNCo Debtors, their creditors, or other parties in interest, except as may be disclosed in the Kwasteniet Declaration.

---

[7] The Engagement Letter permits Kirkland to retain any prepetition advance payment retainer held by Kirkland as of the Petition Date rather than applying such prepetition advance payment retainer to pay postpetition fees and expenses. In light of the facts and circumstances of these chapter 11 cases, Kirkland will retain any prepetition advance payment retainer held by Kirkland as of the Petition Date and will not apply any such amounts to postpetition fees and expenses.

**Supporting Authority**

28. The NSNCo Reorganized Debtors seek retention of Kirkland as the NSNCo Debtors' attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

29. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

30. The NSNCo Reorganized Debtors submit that for all the reasons stated above and in the Kwasteniet Declaration, the retention and employment of Kirkland as counsel to the NSNCo Debtors is warranted. Further, as stated in the Kwasteniet Declaration, Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not and did not hold or represent an interest adverse to the NSNCo Debtors' estates and has and had no connection to the NSNCo Debtors, their creditors, or other parties in interest, except as may be disclosed in the Kwasteniet Declaration.

**<u>Notice</u>**

31. The NSNCo Reorganized Debtors will provide notice of this Application to: (a) the U.S. Trustee; (b) counsel to the Ad Hoc Group; (c) the Office of the United States Attorney for the Southern District of Texas; (d) the state attorneys general for states in which the NSNCo Reorganized Debtors conduct business; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the Environmental Protection Agency and similar state environmental agencies for states in which the NSNCo Reorganized Debtors conduct business; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no further notice is required.

WHEREFORE, the NSNCo Reorganized Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  February 8, 2022

*/s/ Tyson de Souza*
Tyson de Souza
Seadrill New Finance Limited
Authorized Representative